IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABANTE ROOTER & PLUMBING, INC.,

    Plaintiff,

  v.

LEADEXCEL INC., RON TAYLOR, and
DOES 1 through 30,

    Defendants.
                                     /

No. C 18-05750 WHA

**ORDER DENYING MOTION TO STRIKE AND RESETTING INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff moves to strike defendants' answer to the amended complaint (Dkt. No. 30). Plaintiff's motion is **DENIED**. The hearing set for April 25, 2019 at 8:00 A.M. is **VACATED**. Here are the details.

Plaintiff filed the amended complaint on December 14, 2018, alleging claims under the Telephone Consumer Protection Act against two separate defendants — an individual (Ron Taylor) and a corporation (LeadExcel Inc.) (Dkt. No. 12). Neither defendant appeared at the initial case management conference on January 3, 2019 (Dkt. No. 20). An order issued requiring notice be served to defendants and rescheduling the initial case management conference to February 14, 2019 (Dkt. No. 19). If defendants had ever been served pursuant to the order, proof of service was not filed on the docket.

Still, on February 1, 2019, well past the deadline to answer the amended complaint, defendant Ron Taylor, appearing *pro se*, answered the amended complaint on behalf of himself

and purportedly LeadExcel (Dkt. No. 22). The answer attached a certified notice from the bankruptcy court in Pennsylvania that defendant Taylor was in bankruptcy proceedings. At the time, plaintiff did not oppose the belated filing. To the contrary, plaintiff filed a notice showing that this action should be stayed in full (Dkt. No. 23).

An order issued allowing the belated answer and staying this action as to Ron Taylor pending resolution of defendant Taylor's Chapter 13 bankruptcy proceeding (Dkt. No. 24). Because nothing had been filed affirming that the bankruptcy extended to LeadExcel, the order requested a status report from *both parties* to clarify LeadExcel's involvement with any bankruptcy proceeding. An initial case management conference was set for April 25, 2019, at 11:00 A.M. as to LeadExcel. By the deadline for the status report, however, the sole response to the order had been a re-posting of the same notice of individual bankruptcy filed by Ron Taylor (Dkt. No. 25). Neither LeadExcel, nor plaintiff, responded to the order.

An order to show cause issued as to *both* the plaintiff and LeadExcel (Dkt. No. 27). Plaintiff timely responded to the order to show cause (Dkt. No. 28). LeadExcel did not respond at all. In its response, plaintiff confirmed that to its knowledge LeadExcel is not directly involved with any bankruptcy proceeding. Plaintiff, however, again requested that this action be stayed in its entirety. This request was again denied (Dkt. No. 29). The initial case management conference remained scheduled for April 25, 2019 at 11:00 A.M.

On March 22, 2019, plaintiff moved to strike defendant's answer as to LeadExcel (Dkt. No. 30). LeadExcel's response to this motion had been due on April 5, 2019. LeadExcel never responded. This order follows.

Notwithstanding that LeadExcel did not respond to the motion, plaintiff's motion is both improper and untimely. Although plaintiff has not specified under which rule of civil procedure this motion has been brought, this order considers the motion as having been brought under Federal Rule of Civil Procedure 12(f) (motion to strike a defendant's pleading). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants' answer is neither a defense, nor redundant, immaterial, impertinent, or scandalous. It is simply an answer — admitting some of

2

the allegations in the operative complaint and denying most.  Further, Rule 12(f) provides that "[t]he court may act . . . on motion made by a party either before responding to the pleading *or, if a response is not allowed, within 21 days after being served with the pleading*" (emphasis added).  Thus, even if this were an applicable motion under Rule 12(f), it should have been brought within 21 days.

This plaintiff did not do.  Defendant Taylor filed his answer on behalf of all defendants on February 1, 2019.  Plaintiff moved to strike 50 days later on March 22, 2019.  Plaintiff's motion to strike the answer is therefore **DENIED**.  The hearing set for April 25, 2019 at 8:00 A.M. is **VACATED**.

Still, as a corporate entity, LeadExcel must be represented by licensed counsel.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–202 (1993); Civil L.R. 3-9(b).  In other words, defendant Ron Taylor, a *pro se* litigant not licensed to practice law in California, cannot appear on behalf of the corporation LeadExcel.  Default may be entered against a corporation when it fails to retain counsel.  *See, e.g.*, *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Before any further action will be taken, however, a *brief* period of time is warranted to allow licensed counsel to appear on behalf of LeadExcel.  Plaintiff has not demonstrated that it will suffer any prejudice if LeadExcel is granted such time.  "Courts may freely grant leave when justice so requires, and public policy strongly encourages courts to permit amendments." *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (citations omitted).

Accordingly, LeadExcel is given a short period of time — until **MAY 2, 2019** at **NOON** — to secure licensed counsel and have counsel appear.  The initial case management conference is reset for **MAY 9, 2019** at **11:00 A.M.**  No further continuances will be considered.  Both parties (plaintiff and LeadExcel) are expected to be at the initial case management conference on that date and at that time.

Plaintiff is further **ORDERED** to immediately serve a copy of this order to defendant and to file proof of service on the docket by **APRIL 18, 2019** at **NOON**. The automatic stay as to the individual defendant Ron Taylor remains in effect.

**IT IS SO ORDERED.**

Dated: April 13, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4